**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:  scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM SNEED, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>LIFE 1 MEDICAL, LLC, and THE PITTER GROUP, LLC,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Kim Sneed ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. On February 2, 2016, Defendants Life 1 Medical, LLC ("Life 1") and The Pitter Group, LLC ("Pitter") (collectively, "Defendants") called Plaintiff on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to call her.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Kim Sneed is, and at all times mentioned herein was, a resident of Fresno, California and a citizen of the State of California.

4. Defendant The Pitter Group, LLC is a Florida limited liability company with its principal place of business at 7900 Sequoia Lane, Parkland, FL 33067. Upon information and belief, Pitter is the parent company of Life 1 Medical, LLC.[1]

---

[1] *See* http://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=flal-l13000149468-c87a4361-df3e-46ac-a2a5-6af5c61f95df&transactionId=l13000149468-d0c9dec3-8d48-4c22-aeb3-cd188425ae07&formatType=PDF (Life 1 Medical, LLC's 2015 Florida Limited Liability Company Annual Report reflecting The Pitter Group, LLC as the member-manager of Life 1 Medical, LLC) (last visited February 12, 2016); http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PITTERGROUP%20L130001007630&aggregateId=flal-l13000100763-4dd1dbb7-0b43-42a4-91d1-16f327a06bbd&searchTerm=the%20pitter%20group&listNameOrder=PITTERGROUP%20L13000 1007630 (The Pitter Group, LLC's 2015 Florida Limited Liability Company Annual Report reflecting Ken R. Pitter Jr. as the member-manager of The Pitter Group LLC) (last visited February 12, 2016); https://www.linkedin.com/in/ken-pitter-357b7b5a (LinkedIn profile of Ken Pitter reflecting that he is the "Owner / Operator" of Life 1 Medical Alarm) (lasted visited February 12, 2016).

CLASS ACTION COMPLAINT                1

5. Defendant Life 1 Medical, LLC is a Florida limited liability company with its principal place of business at 1001 NW 62nd St., Suite 420, Fort Lauderdale, FL 33309. At all relevant times, Life 1 acted as the agent of Pitter. Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each Defendant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants transact significant business within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendants' Robocalls to Plaintiff and Class Members**

13. Prior to receiving Defendants' calls, Plaintiff never had any contact with Defendants. Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendants. Plaintiff has never provided Defendants with her telephone number.

14. To date, Defendants have called Ms. Sneed approximately two dozen times, most recently on February 2, 2016 at 10:28 AM from phone number 972-249-0967 using an autodialer and/or an artificial or prerecorded voice without her prior express written consent.

15. When Ms. Sneed answered, she heard a momentary pause before someone started speaking to her.

16. Online consumer complaints regarding Defendants' unsolicited telemarketing robocalls from these same numbers are legion:

- "Everyday they keep calling asking for me, I just keep hanging up. Today I told them don't call my house anymore. So I call my lawyer, I am just waiting on them to call back, then they would have to pay me." (December 4, 2015).[2]

- "I do not answer calls if I do not recognize the number. But they have called from this number many times over the past few and will not leave a message. I believe that I ended up giving someone my number when I was checking on smoke alarms on alarm systems. I just called and requested that they take my number off the calling list. This is a medical alert system." (February 5, 2016).[3]

- "They called me 8 times in 2 days. Over and over. They don't leave a message. This is harassment." (February 9, 2016).[4]

- "Huge nuisance." (December 2015).[5]

---

[2] http://800notes.com/Phone.aspx/1-972-249-0967 (last checked Feb. 11, 2016).
[3] *Id.*
[4] https://www.callercenter.com/972-249-0967.html (last checked Feb. 11, 2016).
[5] http://do-not-call.site/1-972-249-0967/9722490967 (last checked Feb. 11, 2016).

CLASS ACTION COMPLAINT                                                                                       3

- "This number has called me 8 times today and does not leave a message." (December 2015).[6]
- "Some medical alarm place. I just blocked my number and called. They've been calling for days." (October 12, 2015).[7]
- "Keep calling ever day n not leaving messages wanna know who is it." (October 6, 2015).[8]
- "Harassment and threats." (December 2015).[9]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote its products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote its products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system

---

[6] *Id.*
[7] http://800notes.com/Phone.aspx/1-972-249-0967 (last checked Feb. 11, 2016).
[8] *Id.*
[9] http://do-not-call.site/1-972-249-0967/9722490967 (last checked Feb. 11, 2016)

CLASS ACTION COMPLAINT                                                                                              4

as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

23. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

25. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants are liable for damages, and the amount of such damages, and

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. As a person who received numerous and repeated calls on her telephone using an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

30. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

34. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

39. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| Dated:  February 23, 2016 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By:   */s/ L. Timothy Fisher*  <br>          L. Timothy Fisher |
| | L. Timothy Fisher (State Bar No. 191626)<br>Annick M. Persinger (State Bar No. 272996)<br>Yeremey O. Krivoshey (State Bar No.295032)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Email:  ltfisher@bursor.com<br>           apersinger@bursor.com<br>           ykrivoshey@bursor.com |
| | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY  10019<br>Telephone: (212) 989-9113<br>Facsimile:  (212) 989-9163<br>E-Mail:  scott@bursor.com |
| | *Attorneys for Plaintiff* |

CLASS ACTION COMPLAINT 9